R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Hee Jae J. Yoon CA Bar No. 298,925
yoon@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-691-1086

Attorneys for Plaintiffs,
CAPBRAN HOLDINGS, LLC and
NUTRIBULLET, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CAPBRAN HOLDINGS, LLC, a California LLC, and NUTRIBULLET, LLC, a California LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIREMALL LLC, a New York LLC, and MITCHELL BERKOWITZ, an individual,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, COPYRIGHT INFRINGEMENT, DESIGN PATENT INFRINGEMENT, and CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiffs Capbran Holdings, LLC and NutriBullet, LLC (hereinafter collectively, "Capbran" or "Plaintiffs") hereby complain and allege as follows:

## I. PARTIES:

1.     Capbran Holdings, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 11601 Wilshire Blvd, Suite 2300, Los Angeles, California 90025.

2.     NutriBullet, LLC is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 11601 Wilshire Blvd, Suite 2300, Los Angeles, California 90025.

3.     Capbran Holdings, LLC is the licensor and Nutribullet, LLC is the licensee and they share common ownership.

4.     On information and belief, Defendant Firemall LLC (hereinafter "Firemall") is a company organized under the laws of the State of New York, having its principal place of business at 92 Union Road, Spring Valley, New York, 10977.

5.     On information and belief, Defendant Mitchell Berkowitz (hereinafter "Berkowitz"), is an individual residing in the state of New York.

## II. JURISDICTION AND VENUE:

6.     This Court has personal jurisdiction over Firemall because Firemall conducts business in this district and has sold products to consumers within this district.   This Court has personal jurisdiction over Berkowitz because, on information and belief, Berkowitz authorized and directed Firemall's sales of infringing products, including sales within this district as alleged below.

7.     Venue is proper within this jurisdiction because, on information and belief, sales of accused products have occurred in Los Angeles, and because the Plaintiff is located within the Central District of California at 11601 Wilshire Blvd, 23rd Floor, Los Angeles, California 90025.

-1-

TROJAN LAW OFFICES
BEVERLY HILLS

8.      Subject matter jurisdiction is proper in this Court pursuant 28 U.S.C. § 1331 because this case arises under federal law, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., federal copyright laws, 17 U.S.C. §§ 100 *et seq*., and under United States patent law, 35 U.S.C. §§ 100 *et seq*.   This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 because the state law claim arises under the same set of facts as the federal law claims.   Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

### III. GENERAL ALLEGATIONS:

9.      Capbran through its licensees has spent several hundred million dollars advertising its BULLET blenders.   Infomercials for the MAGIC BULLET and related MAGIC BULLET blenders are shown somewhere in the world at every minute of every day.   The family of BULLET blenders includes *inter alia,* the MAGIC BULLET, the BABY BULLET, the PARTY BULLET, the BULLET EXPRESS, the MAGIC BULLET PLATINUM PRO, the NUTRIBULLET, NUTRIBULLET SPORT, and the NUTRIBULLET PRO.   The superior quality of the BULLET product line in combination with extensive marketing efforts has caused the BULLET blenders to become famous in the minds of relevant consumers.

10.      Capbran Holdings, LLC is the owner of registered United States trademarks for MAGIC BULLET, Registration No. 2,947,492, and MAGIC BULLET, a stylized word mark, Registration No. 2,947,494, both in International Class 007 for electronic appliances, namely kitchen food processors.

11.      Capbran Holdings, LLC is the owner of registered United States trademarks NUTRI BULLET, Registration No. 4,161,917, NUTRIBULLET, Registration No. 4,889,548, and NUTRIBULLET, a stylized word mark, Registration No. 4,316,614, in international class 007 for electronic appliances,

-2-

TROJAN LAW OFFICES
BEVERLY HILLS

namely electronic food blenders.

12.     Capbran Holdings, LLC is also the owner of registered United States trademark NUTRIBULLET PRO, Registration No. 4,526,464, in international class 007 for electronic appliances, namely electronic food blenders.

13.     Capbran Holdings, LLC is the owner of registered United States trademark, Registration No. 4,416,702, a design mark, for its trade dress for blender base which has a rim with a wave design.  Attached hereto as **Exhibit 1** are true and correct copies of the registration certificates for the trademarks and trade dress at issue.

14.     Attached hereto as **Exhibit 2** is a true and correct copy of trademark assignment cover sheet for recordation of the assignment to Capbran Holdings, LLC filed with the U.S. Patent and Trademark Office showing Capbran Holdings, LLC's ownership interest in the trademarks and trade dress at issue.

15.     Capbran Holdings, LLC also owns United States Copyright Registrations for its retail boxes for NUTRIBULLET PRO and included user guides and recipe books.  Capbran Holdings, LLC is the owner of Copyright Registration VA 1-968-778 for the NUTRIBULLET PRO retail box, Copyright Registration VA 1-841-670 for the Pocket Nutritionist book, and Copyright Registration TX 7-557-487 for the Nutribullet User Guide and Recipe book.

16.     Capbran Holdings, LLC is also the owner of United States Design Patent No. D554,427 for combined blender base and container, which is for ornamental design of a combined blender base and container generally in the shape of a bullet with a wave design on the bottom portion of the blender base, U.S. Design Patent No. D500,633, and U.S. Design Patent No. D532,255 for ornamental design for mugs.  Attached hereto as **Exhibit 3** is a true and correct copy of U.S. Design Patent No. D554,427, D500,633, and D532,255.

17.     Firemall sold blenders under the designation MAGIC BULLET

-3-

TROJAN LAW OFFICES
BEVERLY HILLS

CAPBRAN HOLDINGS, LLC, et al. v. FIREMALL LLC, et al.
CASE NO.

NUTRIBULLET    PRO    900    SERIES    BLENDER/MIXER    SYSTEM ("NUTRIBULLET PRO 900") on Amazon.com.

18.    On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products.

19.    Plaintiffs have received numerous consumer complaints about the defective or non-functional NutriBullet Pro blenders sold by Firemall.  Plaintiffs requested proof of purchase of the NutriBullet Pro blenders.  Attached hereto as **Exhibit 4** are sample proofs of purchase submitted by customers who purchased the NUTRIBULLET PRO 900 through Amazon.com from Firemall.

20.    To process the customers' warranty claims, Capbran requested that the clients confirm that the product came with a "Pocket Nutritionist Booklet", "User Guide & Recipe Book", and "Quick Start Guide".  The customers confirmed that the product they purchased from Firemall contained the included product documentations.  Capbran also requested that the customer submit photos of the front and back of the "Pocket Nutritionist Booklet" and photos the products "Power Base".

21.    The photos submitted by the consumers show that the labels affixed to the bottom of the NUTRIBULLET PRO 900 sold by Firemall contain several factual errors, such as the wrong name and model number.  The label is also missing certain information found on authentic NUTRIBULLET PRO 900 products sold by Capbran.  Thus, the products sold by Firemall are counterfeit products and not the authentic NUTRIBULLET PRO 900 manufactured and distributed by Capbran.

## IV.  FIRST COUNT:

## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 2,947,492

22.    Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 21 above as though fully set forth herein.

-4-

TROJAN LAW OFFICES
BEVERLY HILLS

23. Firemall sold products designated as MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the products were not an authentic NUTRIBULLET PRO 900 product manufactured and distributed by Plaintiff. Firemall used the MAGIC BULLET and NUTRIBULLET word marks in marketing the counterfeit product by its designation of MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM. The product packaging clearly used a reproduction of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark. In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail boxes used by Plaintiff.

24. On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products, including counterfeit trademarks even though Berkowitz knew that the products were not authentic. On information and belief, Berkowitz knew that the products were not obtained through Plaintiffs' authorized distribution channels but still directed Firemall to sell the infringing products.

25. The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products. In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

26. On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit. And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900 from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of

-5-

TROJAN LAW OFFICES
BEVERLY HILLS

15 U.S.C. § 1114(a).

27. On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

28. Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective. In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

29. In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the MAGIC BULLET, word mark, registration no. 2,947,492, by its sales of counterfeit products including counterfeit marks entitles Plaintiffs statutory damages up to $200,000. Firemall's intentional, deliberate, and willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## V. SECOND COUNT:

### INFRINGEMENT OF U.S. TRADEMARK REG. NO. 2,947,494

30. Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 29 above as though fully set forth herein.

31. Firemall sold products designated as MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the products were not an authentic NUTRIBULLET PRO 900 product manufactured and distributed by Plaintiff. Firemall used the MAGIC BULLET and NUTRIBULLET word marks in marketing the counterfeit product by its designation of MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM. The product packaging clearly used a reproduction of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark.

-6-

TROJAN LAW OFFICES
BEVERLY HILLS

In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail boxes used by Plaintiff.

32.    On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products, including counterfeit trademarks even though Berkowitz knew that the products were not authentic.  On information and belief, Berkowitz knew that the products were not obtained through Plaintiffs' authorized distribution channels but still directed Firemall to sell the infringing products.

33.    The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products.  In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

34.    On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900 from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

35.    On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

36.    Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints

-7-

TROJAN LAW OFFICES
BEVERLY HILLS

1  about defective counterfeit products sold by Firemall.

2       37.   In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's

3  infringement of the MAGIC BULLET, a stylized word mark, registration no.

4  2,947,494, by its sales of counterfeit products including counterfeit marks entitles

5  Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and

6  willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up

7  to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

8  ## VI.  THIRD COUNT:

9  ## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,161,917

10       38.   Plaintiffs Capbran incorporate by reference each and every allegation

11  contained in paragraphs 1 through 37 above as though fully set forth herein.

12       39.   Firemall sold products designated as MAGIC BULLET

13  NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the

14  products were not an authentic NUTRIBULLET PRO 900 product manufactured

15  and distributed by Plaintiff.  Firemall used the MAGIC BULLET and

16  NUTRIBULLET word marks in marketing the counterfeit product by its

17  designation of MAGIC BULLET NUTRIBULLET PRO 900 SERIES

18  BLENDER/MIXER SYSTEM.  The product packaging clearly used a reproduction

19  of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark.

20  In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail

21  boxes used by Plaintiff.

22       40.   On information and belief, Berkowitz directed and authorized

23  Firemall's sales of the counterfeit products, including counterfeit trademarks even

24  though Berkowitz knew that the products were not authentic.  On information and

25  belief, Berkowitz knew that the products were not obtained through Plaintiffs'

26  authorized distribution channels but still directed Firemall to sell the infringing

27  products.

28  -8-

TROJAN LAW OFFICES
BEVERLY HILLS

CAPBRAN HOLDINGS, LLC, et al. v. FIREMALL LLC, et al.
CASE NO.

41.   The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products.  In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

42.   On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900 from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

43.   On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

44.   Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

45.   In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the NUTRI BULLET, a word mark, registration no. 4,161,917, by its sales of counterfeit products including counterfeit marks entitles Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## VII.  FOURTH COUNT:

-9-

TROJAN LAW OFFICES
BEVERLY HILLS

## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,889,548

46.     Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 37 above as though fully set forth herein.

47.     Firemall sold products designated as MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the products were not an authentic NUTRIBULLET PRO 900 product manufactured and distributed by Plaintiff.     Firemall used the MAGIC BULLET and NUTRIBULLET word marks in marketing the counterfeit product by its designation of MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM.  The product packaging clearly used a reproduction of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark. In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail boxes used by Plaintiff.

48.     On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products, including counterfeit trademarks even though Berkowitz knew that the products were not authentic.  On information and belief, Berkowitz knew that the products were not obtained through Plaintiffs' authorized distribution channels but still directed Firemall to sell the infringing products.

49.     The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products.  In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

50.     On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900

-10-

TROJAN LAW OFFICES
BEVERLY HILLS

from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

51.     On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

52.     Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

53.     In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the NUTRIBULLET, a word mark, registration no. 4,889,548, by its sales of counterfeit products including counterfeit marks entitles Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## VIII.  FIFTH COUNT:

## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,316,614

54.     Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 53 above as though fully set forth herein.

55.     Firemall    sold    products    designated    as    MAGIC    BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the products were not an authentic NUTRIBULLET PRO 900 product manufactured and   distributed   by   Plaintiff.      Firemall   used   the   MAGIC   BULLET   and NUTRIBULLET   word   marks   in   marketing   the   counterfeit   product   by   its

-11-

TROJAN LAW OFFICES
BEVERLY HILLS

designation of MAGIC BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM.  The product packaging clearly used a reproduction of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark. In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail boxes used by Plaintiff.

56.   On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products, including counterfeit trademarks even though Berkowitz knew that the products were not authentic.  On information and belief, Berkowitz knew that the products were not obtained through Plaintiffs' authorized distribution channels but still directed Firemall to sell the infringing products.

57.   The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products.  In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

58.   On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900 from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

59.   On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

-12-

TROJAN LAW OFFICES
BEVERLY HILLS

60.     Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

61.     In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the NUTRIBULLET, registration no. 4,316,614, a stylized word mark, by its sales of counterfeit products including counterfeit marks entitles Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

### IX.  SIXTH COUNT:

### INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,526,464

62.     Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 61 above as though fully set forth herein.

63.     Firemall  sold  products  designated  as  MAGIC  BULLET NUTRIBULLET PRO 900 SERIES BLENDER/MIXER SYSTEM even though the products were not an authentic NUTRIBULLET PRO 900 product manufactured and  distributed  by  Plaintiff.    Firemall  used  the  MAGIC  BULLET  and NUTRIBULLET  word  marks  in  marketing  the  counterfeit  product  by  its designation  of  MAGIC  BULLET  NUTRIBULLET  PRO  900  SERIES BLENDER/MIXER SYSTEM.  The product packaging clearly used a reproduction of the MAGIC BULLET logo mark, NUTRIBULLET logo mark and word mark. In fact, the boxes were reproductions of the authentic NUTRIBULLET PRO retail boxes used by Plaintiff.

64.     On information and belief, Berkowitz directed and authorized Firemall's sales of the counterfeit products, including counterfeit trademarks even though Berkowitz knew that the products were not authentic.  On information and

-13-

TROJAN LAW OFFICES
BEVERLY HILLS

belief, Berkowitz knew that the products were not obtained through Plaintiffs' authorized distribution channels but still directed Firemall to sell the infringing products.

65.  The use of counterfeit retail packaging and counterfeit booklets, including counterfeit trademarks on the packaging and booklets, is likely to cause confusion and deception as to the source of Firemall's counterfeit products.  In fact, it did cause some consumer deception because consumers contacted Plaintiffs regarding defective counterfeit products sold by Defendant Firemall.

66.  On information and belief, Firemall knew that the products it was selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900 from Plaintiff or its authorized distributors, Firemall willfully, deliberately and knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO 900 products, constituting trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

67.  On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

68.  Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

69.  In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the NUTRIBULLET PRO, a word mark, registration no. 4,526,464, by its sales of counterfeit products including counterfeit marks entitles Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and willful

-14-

TROJAN LAW OFFICES
BEVERLY HILLS

1    sales of the counterfeit products entitles Plaintiffs to enhanced damages up to

2    $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

3    **X.   SEVENTH COUNT:**

4    **INFRINGEMENT OF REGISTERED TRADE DRESS REG. NO. 4,416,702**

5    70.    Plaintiffs Capbran incorporate by reference each and every allegation

6    contained in paragraphs 1 through 69 above as though fully set forth herein.

7    71.    Firemall's counterfeit products were manufactured to look like

8    Capbran's authentic NUTRIBULLET PRO 900 products, including a base that has

9    a rim with a wave design.

10   72.    On information and belief, Berkowitz directed and authorized

11   Firemall's sales of the counterfeit products, including counterfeit trade dress even

12   though Berkowitz knew that the products were not authentic.  On information and

13   belief, Berkowitz knew that the products were not obtained through Plaintiffs'

14   authorized distribution channels but still directed Firemall to sell the infringing

15   products.

16   73.    Firemall's counterfeit products which includes a blender base that

17   looks like Capbran's authentic NUTRIBULLET PRO 900 products that has a rim

18   with a wave design is likely to cause confusion as to the source of Firemall's

19   counterfeit products.   In fact, there was actual consumer deception because

20   consumers contacted Plaintiffs regarding defective counterfeit products sold by

21   Defendant Firemall for warranty repairs thinking that it was authentic

22   NUTRIBULLET PRO 900 products sold and distributed by Plaintiffs.

23   74.    On information and belief, Firemall knew that the products it was

24   selling as NUTRIBULLET PRO 900 was not authentic but a counterfeit.  And

25   despite the fact that it knew that it did not purchase any NUTRIBULLET PRO 900

26   from Plaintiffs or its authorized distributors, Firemall willfully, deliberately and

27   knowingly offered for sale counterfeit products as authentic NUTRIBULLET PRO

28

-15-

TROJAN LAW OFFICES
BEVERLY HILLS

900 products, constituting trade dress infringement and counterfeiting in violation of 15 U.S.C. §§ 1114(a).

75.     On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

76.     Firemall's intentional and willful conduct has damaged Plaintiffs' reputation and goodwill because Firemall's counterfeit products are of lower quality and/or defective.  In fact, Plaintiffs had to respond to consumer complaints about defective counterfeit products sold by Firemall.

77.     In the alternative, pursuant to 15 U.S.C. § 1117(c)(1), Firemall's infringement of the blender base trade dress, registration no. 4,416,702, by its sales of counterfeit products including counterfeit trade dress entitles Plaintiffs statutory damages up to $200,000.  Firemall's intentional, deliberate, and willful sales of the counterfeit products entitles Plaintiffs to enhanced damages up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## XI.  EIGHTH COUNT:

## COPYRIGHT INFRINGEMENT OF NUTRIBULLET PRO RETAIL BOX

78.     Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 77 above as though fully set forth herein.

79.     The counterfeit products that Firemall sold were distributed in retail boxes that look like Plaintiffs' authentic retail boxes.  On information and belief, Firemall imported the unauthorized copies of Plaintiffs' retail boxes for NUTRIBULLET PRO 900 in violation of 17 U.S.C. § 602.

80.     Firemall's counterfeit products also included unauthorized copies Plaintiffs' "Pocket Nutritionist Booklet" and "User Guide & Recipe Book."  On information and belief, Firemall imported the unauthorized copies of Plaintiffs'

-16-

TROJAN LAW OFFICES
BEVERLY HILLS

books.

81.     Firemall sold and distributed unauthorized copies of Plaintiffs' retail boxes, and Plaintiffs' Pocket Nutritionist and User Guides in connection with Firemall's sales of counterfeit products in violation of 17 U.S.C. § 501 constituting copyright infringement.

82.     On information and belief, Firemall and Berkowitz (collectively "Defendants") knew that the retail boxes and books were unauthorized copies. Despite the fact that Defendants knew that the copies were unauthorized, Defendants knowingly, deliberately, intentionally and willfully distributed unauthorized copies of Plaintiffs' works.

83.     On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price including unauthorized copies of Plaintiffs' copyrighted retail boxes, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

84.     In the alternative, pursuant to 17 U.S.C. § 504(c)(1), Firemall's copyright infringement of Plaintffs' NUTRIBULLET PRO 900 Retail boxes entitles Plaintiffs statutory damages up to $30,000.   Firemall's intentional, deliberate, and willful copyright infringement entitles Plaintiffs to enhanced damages up to $150,000 per work infringed mark pursuant to 17 U.S.C. § 504(c)(2).

## XII.  NINTH COUNT:

## COPYRIGHT INFRINGEMENT OF POCKET NUTRITIONIST BOOK

85.     Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 84 above as though fully set forth herein.

86.     The counterfeit products that Firemall sold were distributed in retail boxes that look like Plaintiffs' authentic retail boxes.  On information and belief,

-17-

TROJAN LAW OFFICES
BEVERLY HILLS

Firemall imported the unauthorized copies of Plaintiffs' retail boxes for NUTRIBULLET PRO 900 in violation of 17 U.S.C. § 602.

87.   Firemall's counterfeit products also included unauthorized copies Plaintiffs' "Pocket Nutritionist Booklet" and "User Guide & Recipe Book."  On information and belief, Firemall imported the unauthorized copies of Plaintiffs' books.

88.   Firemall sold and distributed unauthorized copies of Plaintiffs' retail boxes, and Plaintiffs' Pocket Nutritionist and User Guides in connection with Firemall's sales of counterfeit products in violation of 17 U.S.C. § 501 constituting copyright infringement.

89.   On information and belief, Firemall and Berkowitz (collectively "Defendants") knew that the retail boxes and books were unauthorized copies. Despite the fact that Defendants knew that the copies were unauthorized, Defendants knowingly, deliberately, intentionally and willfully distributed unauthorized copies of Plaintiffs' works.

90.   On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price including unauthorized copies of Plaintiffs' Pocket Nutritionist Book, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

91.   In the alternative, pursuant to 17 U.S.C. § 504(c)(1), Firemall's copyright infringement of Plaintffs' Pocket Nutritionist Book entitles Plaintiffs statutory damages up to $30,000.  Firemall's intentional, deliberate, and willful copyright infringement entitles Plaintiffs to enhanced damages up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c)(2).

## XIII.  TENTH COUNT:

## COPYRIGHT INFRINGEMENT OF USER GUIDE & RECIPE BOOK

-18-

TROJAN LAW OFFICES
BEVERLY HILLS

92.    Plaintiffs Capbran incorporates by reference each and every allegation contained in paragraphs 1 through 83 above as though fully set forth herein.

93.    The counterfeit products that Firemall sold were distributed in retail boxes that look like Plaintiffs' authentic retail boxes.  On information and belief, Firemall imported the unauthorized copies of Plaintiffs' retail boxes for NUTRIBULLET PRO 900 in violation of 17 U.S.C. § 602.

94.    Firemall's counterfeit products also included unauthorized copies Plaintiffs' "Pocket Nutritionist Booklet" and "User Guide & Recipe Book."  On information and belief, Firemall imported the unauthorized copies of Plaintiffs' books.

95.    Firemall sold and distributed unauthorized copies of Plaintiffs' retail boxes, and Plaintiffs' Pocket Nutritionist and User Guides in connection with Firemall's sales of counterfeit products in violation of 17 U.S.C. § 501 constituting copyright infringement.

96.    On information and belief, Firemall and Berkowitz (collectively "Defendants") knew that the retail boxes and books were unauthorized copies. Despite the fact that Defendants knew that the copies were unauthorized, Defendants knowingly, deliberately, intentionally and willfully distributed unauthorized copies of Plaintiffs' works.

97.    On information and belief, Firemall has sold its counterfeit products for less than Plaintiffs' retail price including unauthorized copies of Plaintiffs' Pocket Nutritionist Book, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

98.    In the alternative, pursuant to 17 U.S.C. § 504(c)(1), Firemall's copyright infringement of Plaintffs' User Guide & Recipe Book entitles Plaintiffs statutory damages up to $30,000.  Firemall's intentional, deliberate, and willful

-19-

TROJAN LAW OFFICES
BEVERLY HILLS

copyright infringement entitles Plaintiffs to enhanced damages up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c)(2).

## XIV.  ELEVENTH COUNT:

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D554,427

99.    Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 98 above as though fully set forth herein.

100.  Defendants' counterfeit products were manufactured to look like Capbran's authentic NUTRIBULLET PRO 900 products.

101.  In fact, the ordinary observer would be deceived into thinking that Defendants' counterfeit products were the same as the patented design in U.S. Design Patent No. D554,427, constituting infringement of Plaintiffs' design patent.

102.  On information and belief, Defendants have sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

103.  In the alternative, pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to all of Defendants profits for Defendants infringement of U.S. Design Patent No. D554,427.

## XV.  TWELVETH COUNT:

## INFRINGEMENT OF U.S. DESIGN PATENT NO. 500,633

104.  Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 103 above as though fully set forth herein.

105.  Defendants' counterfeit products were manufactured to look like Capbran's authentic NUTRIBULLET PRO 900 products.

106.  In fact, the ordinary observer would be deceived into thinking that Defendants' counterfeit products were the same as the patented design in U.S. Design Patent No. D500,633, constituting infringement of Plaintiffs' design patent.

-20-

TROJAN LAW OFFICES
BEVERLY HILLS

107. On information and belief, Defendants have sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

108. In the alternative, pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to all of Defendants profits for Defendants infringement of U.S. Design Patent No. D500,633.

## XVI. THIRTEENTH COUNT:

## INFRINGEMENT OF U.S. DESIGN PATENT NO. 532,255

109. Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 103 above as though fully set forth herein.

110. Defendants' counterfeit products were manufactured to look like Capbran's authentic NUTRIBULLET PRO 900 products.

111. In fact, the ordinary observer would be deceived into thinking that Defendants' counterfeit products were the same as the patented design in U.S. Design Patent No. D532,255, constituting infringement of Plaintiffs' design patent.

112. On information and belief, Defendants have sold its counterfeit products for less than Plaintiffs' retail price, stealing sales of Plaintiffs' authentic products by selling defective and/or lower quality counterfeit products causing loss of profits to be determined according to proof.

113. In the alternative, pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to all of Defendants profits for Defendants infringement of U.S. Design Patent No. D532,255.

## XVII. FOURTEENTH COUNT:

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200

104. Plaintiffs Capbran incorporate by reference each and every allegation contained in paragraphs 1 through 103 above as though fully set forth herein.

-21-

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

105.   By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California *Business and Professions Code* ("BPC") §§ 17200 *et seq*.   As used in this Complaint, and in BPC § 17200, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with BPC § 17500).   This conduct as alleged is actionable pursuant to BPC §§ 17200 and 17203.

106.   Defendants have engaged in, and continue to engage in, such unfair competition with full knowledge that such acts and practices are wrongful, arbitrary, without reasonable business or commercial justification, unethical, oppressive, and have caused substantial harm and injury to Capbran.   Moreover, Dendants' conduct, as described above, is unlawful, unfair, and deceptive, and violates BPC §§ 17200 *et seq*. and constitutes *inter alia*, trademark infringement, trade dress infringement, design patent infringement, and copyright infringement resulting in injury in fact to Capbran in form of lost revenue, lost profits, lost market share, lost business value and good will, and lost business opportunities as a result of Defendants' unlawful actions and practices in violation of BPC sections 17200 *et seq*.   As a direct and proximate result of Defendants' unlawful conduct, Capbran is entitled to restitution and disgorgement of profits in an amount according to proof at trial and entitled to preliminary and permanent injunctive relief restraining Firemall, its officers, directors, members, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of Section 17200 of the California Business and Professions Code.

107.   To cure the harm caused by the sales of counterfeit products, Firemall must send notices directly to all consumers who purchased the counterfeit products advising such consumers of the deception and giving such consumers the right to a

-22-

full refund.  To prevent future harm, Firemall must be ordered to immediately cease and desist from any further promotion or sales of the counterfeit products.

## XVIII.  DEMAND FOR JURY TRIAL:

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

## XIX. PRAYER OF RELIEF:

WHEREFORE, Plaintiffs Capbran pray as follows:

1.    That Plaintiffs be awarded judgment in its favor and against Defendants;

2.    That Plaintiffs be awarded damages in the amount of at least $1,000,000 according proof for trademark infringement, trade dress infringement, copyright infringement, design patent infringement, and unfair competition as alleged herein;

3.    Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 2,947,492;

4.    Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 2,947,492;

5.    Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the

-23-

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 2,947,494;

6.    Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 2,947,494;

7.    Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,161,917;

8.    Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,161,917;

9.    Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,889,548;

10.   Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,889,548;

-24-

TROJAN LAW OFFICES
BEVERLY HILLS

11.   Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,316,614;

12.   Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,316,614;

13.   Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,526,464;

14.   Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants' willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,526,464;

15.   Awarding statutory damages of up to $200,000 pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c) or, alternatively, Capbran's actual damages and Defendants' profits for their violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a)-(b) for infringement of U.S. Trademark registration no. 4,416,702;

16.   Awarding enhanced statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c)(2) or alternatively awarding treble damages for Defendants'

-25-

willful and knowing infringement of the registered trademark pursuant to 15 U.S.C. § 1117(a) for infringement of U.S. Trademark registration no. 4,416,702;

17. Awarding statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c)(1) for copyright infringement of NUTRIBULLET PRO RETAIL BOX or, alternatively, Capbran's actual damages and Defendants' profits for their violation of the 17 U.S.C. § 501;

18. Awarding increased statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c)(2) for Defendants' willful and knowing infringement of NUTRIBULLET PRO RETAIL BOX;

19. Awarding statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c)(1) for copyright infringement of "Pocket Nutritionist Book" or, alternatively, Capbran's actual damages and Defendants' profits for their violation of the 17 U.S.C. § 501;

20. Awarding increased statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c)(2) for Defendants' willful and knowing infringement of "Pocket Nutritionist Book";

21. Awarding statutory damages up to $30,000 pursuant to 17 U.S.C. § 504(c)(1) for copyright infringement of "User Guide & Recipe Book"or, alternatively, Capbran's actual damages and Defendants' profits for their violation of the 17 U.S.C. § 501;

22. Awarding increased statutory damages up to $150,000 pursuant to 17 U.S.C. § 504(c)(2) for Defendants' willful and knowing infringement of "User Guide & Recipe Book";

23. Awarding Plaintiffs' lost profits as a result of Defendants' infringement of U.S. Patent No. D554,427 pursuant to 35 U.S.C. § 284 or, alternatively,

CAPBRAN HOLDINGS, LLC, et al. v. FIREMALL LLC, et al.
CASE NO.

TROJAN LAW OFFICES
BEVERLY HILLS

Defendants' profits for infringement of Capbran's design patent pursuant to 35 U.S.C. § 289;

24.   Awarding Plaintiffs' lost profits as a result of Defendants' infringement of U.S. Patent No. D500,633 pursuant to 35 U.S.C. § 284 or, alternatively, Defendants' profits for infringement of Capbran's design patent pursuant to 35 U.S.C. § 289;

25.   Awarding Plaintiffs' lost profits as a result of Defendants' infringement of U.S. Patent No. D532,255 pursuant to 35 U.S.C. § 284 or, alternatively, Defendants' profits for infringement of Capbran's design patent pursuant to 35 U.S.C. § 289;

26.   Firemall to be ordered to send notice to all consumers who purchased the counterfeit products advising such consumers of the counterfeit products and giving such consumers the right to a full refund;

27.   To prevent future harm, Firemall must be ordered to immediately cease sales of counterfeit products and all counterfeit products to be impounded pursuant 15 U.S.C. § 1116(d)(1)(A);

28.   Awarding Capbran's costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

29.   Awarding Capbran's costs, attorney's fees, investigatory fees and expenses to the full extent provided by 17 U.S.C. § 505;

30.   Awarding Capbran's costs and attorney's fees to the full extent provided by 35 U.S.C. 285;

31.   An award of punitive damages in accordance with Cal. Civ. Code § 3294 of an amount adequate to punish and deter Defendants from engaging in sales of such counterfeit products;

32.   Plaintiff be awarded its costs of suit and reasonable attorney fees;

33.   Interest on all damages, according to proof; and

-27-

TROJAN LAW OFFICES
BEVERLY HILLS

1   34.    Any and all other relief the Court deems just.

2

3                                           Respectfully submitted,

4                                           TROJAN LAW OFFICES
                                            by
5

6           April 29, 2016                  /s/R. Joseph Trojan

7                                           R. Joseph Trojan
                                            Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   -28-

CAPBRAN HOLDINGS, LLC, et al. v. FIREMALL LLC, et al.
CASE NO.