R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Hee Jae J. Yoon CA Bar No. 298,925
yoon@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  310-777-8399
Facsimile:  310-691-1086

Attorneys for Plaintiffs,
CAPBRAN HOLDINGS, LLC and
NUTRIBULLET, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPBRAN HOLDINGS, LLC, a California LLC, and NUTRIBULLET, LLC, a California LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FIREMALL LLC, a New York LLC, and MITCHELL BERKOWITZ, an individual, <br><br> Defendants. | CASE NO. 2:16-cv-02980-DSF(AFMx) <br><br> **PLAINTIFFS CAPBRAN HOLDINGS, LLC and NUTRIBULLET, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT FIREMALL'S COUNTERCLAIMS PURSUANT TO FRCP 12(b)(6)** <br><br> Date: September 26, 2016 <br> Time: 1:30 pm <br> Courtroom  840 - 255 East Temple Street <br> Los Angeles, CA 90012 <br><br> **The Hon. Judge Dale S. Fischer** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Capbran Holdings, LLC and Nutribullet, LLC (collectively, "Capbran") respectfully submit this Motion to Dismiss Defendant Firemall, LLC's ("Firemall") amended counterclaims (Dkt. # 26) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## I. INTRODUCTION

This motion asks the Court to dismiss Firemall's amended counterclaims for failure to state a claim because Firemall fails to plead any facts to raise any plausible claim. Firemall's counterclaims 9, 11, and 13-14 for invalidity of Capbran's design patents and registered trade dress must be dismissed because Firemall merely recites legal conclusions and statutory language with no facts to support those legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). All of Firemall's other counterclaims for declaratory relief for non-infringement (counterclaims 1-8, 10, 12, and 15-17) should also be dismissed because they merely mirror Capbran's complaint without raising any new legal or factual issues and serve no "useful purpose in clarifying and settling the legal relations in issue." *Guerra v, Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986).

As the Supreme Court teaches, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. at 679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, to survive a motion to dismiss, the Supreme Court instructs that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

Firemall still fails to plead any facts to support its legal conclusions in the counterclaims despite the fact that Firemall already amended its counterclaims after Capbran informed Firemall of its intentions to move to dismiss Firemall's initial counterclaims because it lacked any factual allegations to raise any plausible

1 claims. (Dkt. ## 18 & 26; Declaration of Hee Jae J. Yoon ("Yoon Decl."), ¶¶ 2 &
2 4.) For example, Firemall's counterclaims 9, 11, and 13 for the invalidity of
3 Capbran's design patents allege that the design patents are "invalid for failure to
4 comply with one or more provision of the Patent Law of the United States." (Dkt. #
5 26, at ¶¶ 57, 66, and 75.) This is nothing more than a legal conclusion.

6 Firemall's other allegations that the design patents are "functional and [are]
7 not a new, original, and ornamental design for an article of manufacture" are
8 nothing more than a recitation of statutory language for a design patent. Firemall's
9 "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements" must be dismissed under *Iqbal* because no facts are alleged
11 to raise a plausible claim. *Iqbal*, 556 U.S. at 678

12 The Ninth Circuit teaches that declaratory relief is appropriate if the
13 judgment serves a useful purpose. *Guerra*, 783 F.2d at 1376. Based on this
14 understanding, Courts have dismissed counterclaims that are mirror-image of the
15 plaintiff's complaint because they serve no useful purpose. *See Ketab Corp. v.*
16 *Mesriani & Assocs.*, 2:14-cv-07421-RSWL (MRW), 2015 WL 8022874, at *9
17 (C.D. Cal. Dec. 4, 2015); *Infa-Lab, Inc. v. KDS Nail Int'l*, No. CIV. 2:07-01270
18 WBS EFB, 2008 WL 4793305, at *3 (E.D. Cal. Oct. 27, 2008). In fact, courts have
19 determined such counterclaims as "repetitious of issues already before the court."
20 *Ketab* 2015 WL 8022874, at *9 (internal citation omitted).

21 Here, Firemall's counterclaims 1-8, 10, 12, and 15-17 for declaratory relief
22 of non-infringement are nothing more than mirror images of Capbran's claims for
23 infringement. In fact, Firemall's counterclaims for non-infringement merely state
24 that "Firemall denies Plaintiff's infringement allegations." (Dkt. # 26, at ¶¶ 15, 20,
25 25, 30, 35, 40, 45, 53, 62, & 71.) Though couched in different words, Firemall's
26 counterclaims 15-17 for declaratory relief of non-infringement of Capbran's
27 copyrights are also nothing more than mirror-images of Capbran's claims when
28

TROJAN LAW OFFICES
BEVERLY HILLS

1 they state that any alleged use of the copyrighted works "do[] not infringe any
2 alleged copyrights in them . . . [and] Firemall disputes these contentions." (Dkt. #
3 26, at ¶¶ 86, 91, & 95.) Accordingly, Firemall's counterclaims for declaratory
4 relief of non-infringement should be dismissed because they serve no useful
5 purpose.

6 **II.    BRIEF STATEMENT OF FACTS**

7 On May 2, 2016, Capbran filed its initial complaint for trademark and trade
8 dress infringement, design patent infringement, copyright infringement and related
9 state law unfair competition. (Dkt. # 1 ("Compl.").) On or about May 6, 2016,
10 Capbran served Firemall with the summons and the complaint. (Dkt. # 11-1).

11 On or about June 27, 2016, Firemall filed its answer and counterclaims.
12 (Dkt. ## 17 & 18.) On or about July 7, 2016, Capbran informed Firemall of its
13 intentions to file a motion to dismiss Firemall's counterclaims pursuant to Federal
14 Rule of Civil Procedure 12(b)(6) for failure to state a claim and requested a meet
15 and confer. (Yoon Decl., ¶ 2.) During the parties meet and confer, Firemall
16 informed Capbran that it will amend its counterclaims as a matter of right pursuant
17 to Rule 15(a)(1)(A) to plead additional facts. (Yoon Decl., ¶ 3.)

18 On or about July 15, 2016, Firemall filed its amended counterclaims. (Dkt. #
19 26.) Though Firemall added six additional paragraphs of general factual
20 allegations, the factual allegations were nothing more than specific denials of
21 Capbran's allegations of infringement. (Dkt. # 26, ¶¶ 7-12.) On or about July 20,
22 2016, Capbran informed Firemall of its intentions to file a motion to dismiss
23 Firemall's amended counterclaims for the same reasons Capbran outlined to
24 dismiss Firemall's initial counterclaims. (Yoon Decl., ¶ 4.) The parties met and
25 conferred on July 22, 2016. (Yoon Decl., ¶ 5.)

26 **III.   ARGUMENTS**

27     **A.    Legal Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)**

28

TROJAN LAW OFFICES
BEVERLY HILLS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the pleading fails to state a plausible claim for relief on its face. Fed.R.Civ.P. 12(b)(6); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1161 (C.D. Cal. 2003) ("Dismissal is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint.").

While the Court should construe the factual allegations in the light most favorable to the plaintiff, the Supreme Court teaches that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (quoting *Twombly*, 550 U.S. at 555)).

### B. Firemall's Counterclaims for Design Patent and Trade Dress Invalidity Fail to Plead Any Facts For Plausible Claims.

Firemall's counterclaims 9, 11, and 13-14 for design patent and trade dress invalidity are completely devoid of any factual allegations. (Dkt. # 26, at ¶¶ 56-59, 65-68, 74-77, & 78-83.) In fact, Firemall's allegations for its design patent invalidity counterclaims only allege a legal conclusion followed by an allegation that recite statutory language of the patent laws regarding the subject matter eligible for design patents. Similarly, Firemall's allegations for its trade dress invalidity counterclaim only recite legal conclusions mirroring statutory language of the Lanham Act. (Dkt. # 26, at ¶ 82.) Firemall's allegations contain no factual allegations to support its legal conclusions. (*See* Dkt. # 26, at ¶¶ 78-83.) Thus, Firemall fails to plead any plausible claims for invalidity.

#### 1. Firemall's design patent invalidity counterclaims consist of

**nothing more than legal conclusions.**

Here, Firemall's allegations consist of two paragraphs of legal conclusions that are repeated for each counterclaim for design patent invalidity, counterclaims nine, eleven and thirteen. (Dkt. # 26, at ¶¶ 56-59, 65-68, & 74-77.) Firemall alleges that each design patent "is invalid for failure to comply with one or more provisions of the Patent Law of the United States, 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 et seq.", which amounts to nothing more than a legal conclusion. (Dkt. # 26, at ¶¶ 57, 66, & 75.)

Firemall then fails to allege any facts to support that legal conclusion, but merely recites statutory language in the paragraph following its legal conclusion when it alleges that each of the alleged inventions in the design patents "is functional and is not a new, original, and ornamental design for an article of manufacture." 35 U.S.C. § 171; (Dkt. # 26, at ¶¶ 58, 67, & 76.) Firemall provides no indication as to why the asserted designs are functional, nor provide any reasons for its conclusion that the designs are not new or original. Thus, Firemall's mere recitation of the statutory language is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 556 U.S. at 678.

Because Rule 84 was abrogated by the 2015 Amendments, any prior precedent finding such conclusory allegations sufficient through the use of Form 18 is no longer applicable and must now meet the pleading standards as set forth by the Supreme Court in *Iqbal* and *Twombly*. Accordingly, Firemall was required to plead sufficient factual allegations to make its design patent invalidity counterclaims plausible, which it failed to do. Thus, Firemall has insufficiently plead a cause of action for design patent invalidity with respect to ninth, eleventh, and thirteenth counterclaims.

**2. Courts have dismissed similarly plead counterclaims for**

**patent invalidity.**

Even before the abrogation of Rule 84, district courts had dismissed similarly plead patent invalidity counterclaims. *Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*, No. 1:14-CV-01503-SAB, 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014); *Memory Control Enter., LLC v. Edmunds.com, Inc.*, No. CV 11-7658 PA JCX, 2012 WL 681765 (C.D. Cal. Feb. 8, 2012). For example, in *Memory Control*, the plaintiff moved to dismiss the defendant's counterclaim for invalidity of the asserted patent. 2012 WL 681765, at *1. The defendant's counterclaim alleged that the claims of the asserted patent "are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability." *Id.*, at *3. Based on such conclusory allegations, the court dismissed the defendant's patent invalidity counterclaim for failing to meet the *Iqbal/Twombly* pleading standards. *Id*. The court further determined that even if the court were to incorporate the defendant's affirmative defense of patent invalidity, which "[m]erely recit[ed] possible ways that a patent can be held invalid, stated in such conclusory manner, with absolutely no facts supporting it hardly provides fair notice." *Id*.

Similarly here, Firemall's design patent invalidity counterclaims are plead in a conclusory manner and do not provide any facts to support those conclusions. Firemall's allegations that the design patents are invalid for failure to comply with the whole series of sections in the patent laws are nothing more than legal conclusions. (Dkt. # 26, at ¶¶ 57, 66, & 75.) Moreover, Firemall's recitation of statutory language of the subject matter protectable by a design patent is nothing more than mere recitation of the possible ways a design patent may be invalid. Thus, Firemall failed to sufficiently plead a plausible claim for design patent invalidity and counterclaims nine, eleven and thirteen must be dismissed.

**3. Firemall's trade dress invalidity counterclaim merely recites**

**statutory language.**

Similarly, Firemall's fourteenth counterclaim for trade dress invalidity contains very minimal factual allegations. (*See* Dkt. # 26, at ¶¶ 78-83.) The factual allegations in Firemall's fourteenth counterclaim for trade dress invalidity are that Capbran "allege that Firemall infringed the [asserted] trade dress because the allegedly counterfeit product included a base that has a rim with a wave design" and that Firemall denies the Plaintiff's infringement allegations. (Dkt. # 26, at ¶ 79-80.) Firemall then proceeds with a recitation of what is not eligible for trade dress protection by alleging that the "trade dress is not valid because the claimed elements are purely functional and lack distinctiveness." (Dkt. 26, at ¶ 82.) Firemall also includes legal conclusions irrelevant to the invalidity by alleging that "there is no likelihood of confusion as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, qualities between the parties." (*Id.*)

As the Lanham Act states, registration of a trade dress is "prima facie evidence of the validity of the registered mark . . ." 15 U.S.C. § 1115. Accordingly, Firemall's allegation that the "trade dress is not valid because the claimed elements are purely functional and lack distinctiveness" is nothing more than a denial of Capbran's infringement claims. (Dkt. # 26, at ¶ 82.) Firemall does not plead any facts to show how Capbran's federally registered trade dress is functional or lacks distinctiveness. In fact, Firemall provides no factual allegations regarding how "a wave design" on the rim of the base, which is the asserted trade dress, is functional. The "wave design" on the rim of the base, does not provide any function relevant to how the blender base operates. Thus, Firemall fails to allege a plausible claim for trade dress invalidity because it fails to allege any facts to support the legal conclusion that the asserted trade dress is functional or lacks distinctiveness, and counterclaim fourteen must be dismissed.

TROJAN LAW OFFICES
BEVERLY HILLS

-7-

### C. Firemall's Counterclaims for Declaratory Relief of Non-Infringement Should Be Dismissed Because They Serve No Useful Purpose

Firemall's counterclaims 1-8, 10, 12, and 15-17 for non-infringement of Capbran's design patents, trademarks, and copyrights are mirror-images of Capbran's claims for infringement that serve no useful purpose and should be dismissed. *See Ketab Corp.*, 2015 WL 8022874, at *9; *Infa-Lab, Inc.*, 2008 WL 4793305, at *3. The Ninth Circuit teaches that "[d]eclaratory relief is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra*, 783 F.2d at 1376 (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)).

Based on the Ninth Circuit's instructions, district courts within the Ninth Circuit have found that declaratory relief counterclaims "are improper if 'repetitious of issues already before the court via the complaint o[r] affirmative defenses.'" *Ketab Corp.*, 2015 WL 8022874, at *9 (quoting *Sw. Windpower, Inc. v. Imperial Electric, Inc.*, No. CV-10-8200-SMM, 2011 WL 486089, at *3 (D. Ariz. Feb. 4, 2011); citing *Infa-Lab, Inc.*, 2008 WL 4793305, at *3, *Berger v. Seyfarth Shaw, LLP*, No. 07-05279, 2008 WL 2468478, at *2 (N.D. Cal. June 17, 2008)); *see also Allstate Ins. Co. v. Pira*, No. C 11-3511 CW, 2012 WL 1997212, at * 5-6 (N.D. Cal June 4, 2012). District courts have found counterclaims improper as repetitious when the counterclaims are "mirror-images" of the claims in the complaint. *Allstate Ins.*, 2012 WL 1997212, at * 5.

Furthermore, district courts have also found declaratory relief counterclaims for invalidity to serve no useful purpose in trademark infringement actions because in determining the plaintiff's claims for trademark infringement, the courts will

-8-

have to determine "whether the plaintiff's trademarks are valid." *Ketab Corp.*, 2015 WL 8022874, at *9.

Though Firemall added several paragraphs of general allegations, the general allegations are nothing more than specific denials of Capbran's allegations. (*See* Dkt. # 26, at ¶¶ 7-12; *cf* Compl. ¶¶ 17-21.) In fact, Firemall's entire basis for its declaratory relief for its non-infringement counterclaims is Firemall's allegation that "any products that may have been sold by Firemall alleged in the complaint are either not counterfeit or not from Firemall's inventory." (Dkt. # 26, at ¶ 12.) This is nothing more than a denial of Capbran's claims for infringement because Capbran alleges that the products sold by Firemall on Amazon "are counterfeit products and not authentic NUTRIBULLET PRO 900 manufactured and distributed by Capbran." (Compl., at ¶¶ 17 & 21.)

The allegations within the counterclaims itself only allege that "Firemall denies Plaintiffs infringement allegations." (Dkt. # 26, at ¶¶ 15, 20, 25, 30, 35, 40, 45, 53, 62, & 71.) Thus, Firemall's counterclaims for declaratory relief of non-infringement are just mirror-images of Capbran's claims for infringement. (*See* Compl., at Counts 1-13; *cf.* Dkt. # 26, at Counts 1-8, 10, 12, & 15-17.) For example, Firemall's first counterclaim for declaratory relief of Non-Infringement of U.S. Trademark Reg. No. 2,947,492 is a mirror-image of the first count of Capbran's complaint. (*See* Compl., ¶¶ 22-29; Dkt. # 26, at ¶¶ 13-17.) Thus, all issues raised by Firemall's counterclaims are repetitious and will be disposed of with the resolution of counts 1-13 of Capbran's complaint for trademark, trade dress, design patent and copyright infringement. Thus, Firemall's counterclaims 1-8, 10, 12, and 15-17 for declaratory relief for its non-infringement should be dismissed because they serve no useful purpose.

### D. The Court's Should Dismiss Firemall's Counterclaims Without Leave to Amend Because Amendments Would Be Futile

The Supreme Court teaches that leave to amend may be denied if there is "repeated failure to cure deficiencies by amendments previously allowed, . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit also instructs that "a district court may dismiss without leave where a [party's] amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, Firemall has already amended its complaint to address the very issues that Capbran raises in its motion to dismiss. (Dkt. ## 18 & 26; Yoon Decl., ¶¶ 2 & 4.) Despite amending the counterclaims, Firemall fails to plead plausible counterclaims for the very same reasons, lack of any factual allegations. (Yoon Decl., ¶ 4.) In fact, the only new factual allegations is a mirror-image of Capbran's allegations that Firemall sold counterfeit products, which amounts to nothing more than a very specific denial of Capbran's allegation. (Dkt. # 26, at ¶ 12.) Thus, Firemall's has failed to address the same pleadings deficiencies that Capbran had specifically pointed out when notifying Firemall of Capbran's intentions to file a motion to dismiss.

Moreover, Firemall's counterclaims for declaratory relief of non-infringement and trade dress invalidity cannot be cured by any amendment. *Ketab*, 2015 WL 8022874, at *9 ("dismissing without leave to amend counterclaims for declaratory relief of non-infringement and trademark invalidity as repetitious and serving no useful purpose because they "cannot be saved by amendment"). Accordingly, Firemall's claims should be dismissed without leave to amend.

### IV. CONCLUSION

For all the foregoing reasons, the Court must dismiss Firemall's counterclaim and should dismiss the counterclaims without leave to amend.

-10-

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | Respectfully submitted, |
| 3 | | TROJAN LAW OFFICES |
| 4 | | by |
| 5 | July 29, 2016 | /s/ R. Joseph Trojan |
| 6 | | R. Joseph Trojan |
| | | Attorney for Plaintiffs, |
| 7 | | CAPBRAN HOLDINGS, LLC and |
| 8 | | NUTRIBULLET, LLC |

TROJAN LAW OFFICES
BEVERLY HILLS

-11-